**Clifton R. TYDINGS, Appellant,**

v.

**DEPARTMENT OF CORRECTIONS, James River C.C. Superintendent; A. Baskerville; Major Melton, Appellees.**

No. 81-6323.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 11, 1983.

Decided Aug. 8, 1983.

Steven H. Goldblatt, Washington, D.C., Heidi S. Glickstein, Third Year Law Student (Samuel Dash, Washington, D.C., Gregory J. Ossi, Third Year Law Student, Appellate Litigation Clinical Program, Georgetown University Law Center, on brief), for appellant.

Eric K.G. Fiske, Asst. Atty. Gen., Richmond, Va. (Gerald L. Baliles, Atty. Gen. of Va., Richmond, Va., on brief), for appellees.

Before WIDENER and SPROUSE, Circuit Judges, and FAIRCHILD,* Senior Circuit Judge.

* Thomas E. Fairchild, Senior Circuit Judge, United States Court of Appeals for the Seventh

SPROUSE, Circuit Judge:

Clifton R. Tydings, a former inmate of the James River Correctional Center in Virginia, appeals from the district court's *sua sponte* dismissal of his *pro se* complaint alleging violations under 42 U.S.C. § 1983. We affirm.

Tydings alleged in his complaint that during a six month period in 1980 a considerable amount of his personal property was stolen from his locker located in dormitory D–4 of the James River facility. He further alleged that despite repeated requests, correction officials have refused to provide the same security protection for dormitory D–4 as provided in other sections of the prison and at other Virginia correctional institutions. He contended that the inaction of correction officials amounted to a willful and deliberate abdication of their duties and deprived him of due process and equal protection under the fourteenth amendment. Tydings sought $1,700 compensatory damages for the stolen property, and $50,000 compensatory and punitive damages for the period he spent in fear due to lack of protection. He also sought an order requiring the defendants to provide security for all James River inmates.

The district court dismissed Tydings' complaint *sua sponte* without requiring responsive pleadings. It held that Tydings' eighth amendment rights were not violated, and that there is no constitutional protection against prison thefts or any constitutional requirement that prison officials must conduct investigations of such thefts. The court further ruled that Tydings' allegations did not raise a claim under the equal protection clause of the fourteenth amendment. We agree.

Tydings' due process claims, while more troublesome, are governed by our recent decision in *Palmer v. Hudson,* 697 F.2d 1220 (4th Cir.1983). Tydings' complaint contains allegations of deliberate action by prison officials rather than mere negligence. Although Tydings does not claim that prison personnel actually participated in the robberies, he does allege that their failure to provide security significantly contributed to his property losses. The defendants argue that, accepting all Tydings' allegations as true, the laws of Virginia afford him a complete opportunity to seek remedies for his alleged injuries and that, therefore, his case is barred by the doctrine of *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). Tydings counters that *Parratt* is limited to claims of injuries caused by the negligence of state officials and thus does not address the deliberate acts involved in the present case.

This contention, however, is foreclosed by our recent decision in *Palmer,* which held that *Parratt* applies to an intentional as well as negligent deprivation of a prisoner's property. Tydings has a remedy under Virginia law in the form of a suit for conversion or detinue for any intentional deprivation of his property by prison officials. That remedy satisfies the due process clause of the fourteenth amendment. *See Phelps v. Anderson,* 700 F.2d 147 (4th Cir.1983).

The judgment of the district court therefore is affirmed.

*Affirmed.*

FAIRCHILD, Senior Circuit Judge, concurring.

A state prison guard acts under color of state law. He is frequently called upon to deal with the possessions of a prisoner without a feasible opportunity for prior steps which would amount to due process. Where a prisoner claims his property rights have been thus impaired, but the state offers a procedure by which the state will compensate him for wrongful impairment, it may be reasonable to hold that the state's retrospective procedure provides due process. The Supreme Court responded to that situation in *Parratt.* I have been very doubtful that a state's provision of an ordinary civil judicial remedy against the individual alleged wrongdoer constitutes due process under *Parratt.* Nevertheless I am bound by Fourth Circuit precedent in *Palm-*

Circuit, sitting by designation.

*er v. Hudson,* 697 F.2d 1220 (4th Cir.1983), *cert. granted,* —— U.S. ——, 103 S.Ct. 3535, 77 L.Ed.2d 1386 and *Phelps v. Anderson,* 700 F.2d 147 (4th Cir.1983).