Everett W. CRAWFORD, Plaintiff,

v.

Yvette PARRON, Defendant.

Civ. A. No. 86–1333.

United States District Court,
District of Columbia.

Nov. 26, 1986.

Edward F. Kearney, Washington, D.C., for plaintiff.

Arlene L. Robinson, Asst. Corp. Counsel, D.C., Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

Before the Court is defendant Parron's motion to dismiss the case, or in the alternative for summary judgment, and plaintiff's opposition thereto. For the reasons set forth briefly below, defendant's motion to dismiss will be granted.

According to his complaint, plaintiff appeared at the Bureau of Traffic Adjudication on December 5, 1985, for a hearing on a traffic ticket he had received the month before. A free-lance writer and photographer, plaintiff brought his camera with him rather than leave it in his car. While waiting for his hearing, he asked several security guards if he could take pictures of the long lines of people who were also waiting for hearings, but was told that such picture taking is against the law. Plaintiff thereafter took a seat in a hallway and waited approximately two hours for his hearing. He alleges that at approximately 1:00 p.m. defendant approached him and accused him of having taken photographs. Complaint at ¶ 17. She thereupon revoked his right to a hearing and ordered him arrested. *Id.* Two security guards executed the arrest and according to plaintiff, used excessive force in the process. *Id.* at ¶ 18. Plaintiff was charged with disorderly conduct and released from custody after posting $10.00. These charges were later dismissed for lack of prosecution. Plaintiff retained counsel who attended a hearing on his parking ticket on December 11. He now brings this suit alleging that his arrest at defendant's instigation and her revocation of his right to a hearing violated his right to due process causing him emotional and financial injury.

Defendant moves to dismiss the case for failure to state a claim upon which relief

can be granted. As grounds for this motion, she argues that revocation of a locally-created right to a hearing is "a local matter not a federal claim"; that she did not arrest plaintiff, but rather Colorado Security agents took him into custody; and that plaintiff cannot demonstrate any actual compensable injury. While the Court finds none of these arguments persuasive, it nevertheless agrees that plaintiff has failed to state any legally cognizable claims.

■ Plaintiff predicates part of his due process claim on defendant's revocation of his right to a hearing on his parking ticket. That this right is a creature of municipal rather than federal law is not in and of itself dispositive of the question of whether plaintiff can state a section 1983 claim for its loss. The relevant inquiry is whether the right to a hearing plaintiff was allegedly denied is a property right protected by the fifth and fourteenth amendments' due process clauses. The hallmark of such property rights "is an individual entitlement grounded in state law, which cannot be removed except 'for cause.'" *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430, 102 S.Ct. 1148, 1155, 71 L.Ed.2d 265 (1982). As plaintiff points out, under local law a person receiving a parking ticket has a right to a hearing at the District of Columbia's Bureau of Traffic Adjudication, D.C. Code Ann. § 40–625(b) (1986). The Supreme Court has held that the due process clause "prevent[s] the States from denying potential litigants use of established adjudicatory procedures when such an action would be 'the equivalent of denying them an opportunity to be heard upon their claimed right[s].'" *Logan*, 455 U.S. at 429–30, 102 S.Ct. at 1154 (quoting *Boddie v. Connecticut*, 401 U.S. 371, 380, 91 S.Ct. 780, 787, 28 L.Ed.2d 113 (1971)). Certainly it appears here that plaintiff has established an entitlement to a hearing on his ticket—state law creates a right to such a hearing, and to allow a hearing examiner to revoke that right would permit the city to impose fines without providing any opportunity to be heard.

■ Plaintiff's allegations that he was deprived of a protected interest by one acting under color of law, however, do not by themselves state a claim for relief under section 1983. As the Supreme Court made clear in *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Here plaintiff has not claimed that the city failed to provide an adequate post-deprivation remedy, nor does it appear that he could, since he received a hearing on his ticket on December 11, 1985.[1] Accordingly, plaintiff's complaint must be dismissed with respect to this claim.

■ His claim of unlawful arrest stands on a slightly different footing, but is similarly deficient. Plaintiff alleges that defendant ordered him arrested even though she lacked the authority to do so. While defendant claims that she did not actually take plaintiff into custody and further suggests that the Court "may assume" that the security guard who did arrest him "had his own independent reasons" for doing so, Defendant's Motion at 3, the Court is obliged when entertaining a motion to dismiss to treat the allegations of the complaint as true, and may not indulge assumptions favorable to the defendant. The complaint states quite clearly that defendant ordered his arrest. Complaint at ¶ 17. Treating that statement as true for present purposes, plaintiff has again demonstrated that he was deprived of a protected interest, his liberty, by one acting under color of state law. Once again, however, because adequate post-deprivation remedies are available to plaintiff—namely *state* tort actions for false imprisonment or false arrest—he has failed to state a claim for relief under section 1983.

---

1. In fact, it is arguable that plaintiff suffered no deprivation at all, since his post-deprivation remedy was the very type of hearing to which he claimed he was entitled and which defendant allegedly denied him.

In *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the Supreme Court ruled that a state's negligent deprivation of property did not offend the fourteenth amendment's due process clause where the deprivation occurred as a result of random, unauthorized conduct, such that a pre-deprivation hearing was impossible or impractical, and where the state provided adequate post-deprivation remedies such as those commonly available in tort actions. In *Hudson v. Palmer*, the Court extended the reasoning of *Parratt* to intentional deprivations of property. 104 S.Ct. at 3202–04. This past term, in *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), the Court partially overruled *Parratt* and held that negligence cannot give rise to a due process deprivation; the case itself involved a negligent deprivation of liberty, and the Fourth Circuit, applying *Parratt*, had concluded that there had been no deprivation because state tort laws provided adequate post-deprivation remedies. The Supreme Court has yet to decide whether *Parratt* applies in cases of intentional deprivations of liberty, and the circuits have struggled with the question since.

In *Parratt* itself, Justice Blackmun stated in a concurring opinion joined by Justice White, that he did not believe that the availability of adequate post-deprivation remedies was relevant in cases involving deprivations of life or liberty. *Parratt*, 451 U.S. at 545, 101 S.Ct. at 1918 (Blackmun, J., concurring). Relying on that concurrence, the Fifth Circuit ruled in *Brewer v. Blackwell*, 692 F.2d 387 (5th Cir.1982), that *Parratt* did not apply to an intentional deprivation of liberty caused by defendants' unlawful arrest, trial, and detention of plaintiffs.[2] The Seventh and Eleventh Circuits have taken a contrary view, holding that *Parratt* does apply to cases in which a plaintiff alleges a procedural due process violation based on an intentional deprivation of liberty. *Gilmere v. City of Atlanta*, 774 F.2d 1495, 1499 (11th Cir. 1985) (en banc), *cert. denied*, 476 U.S. 1115, 106 S.Ct. 1970, 90 L.Ed.2d 654 (1986); *Guenther v. Holmgreen*, 738 F.2d 879, 882–83 (7th Cir.1984), *cert. denied*, 469 U.S. 1212, 105 S.Ct. 1182, 84 L.Ed.2d 329 (1985); *Johnson v. Miller*, 680 F.2d 39 (7th Cir. 1982). The Ninth Circuit, after initially agreeing with the positions taken by the Seventh and Eleventh Circuits, *see Bretz v. Kelman*, 722 F.2d 503 (9th Cir.1983), *withdrawn*, 729 F.2d 613 (1984), *on rehearing*, 773 F.2d 1026 (1985) (en banc); *Haygood v. Younger*, 718 F.2d 1472 (9th Cir.1983), *withdrawn*, 729 F.2d 613 (1984), *on rehearing*, 769 F.2d 1350 (1985) (en banc), *cert. denied sub nom. Cranke v. Haygood*, 478 U.S. 1020, 106 S.Ct. 3333, 92 L.Ed.2d 739 (1986); *Rutledge v. Arizona Board of Regents*, 660 F.2d 1345 (9th Cir.1981), *aff'd on other grounds sub nom. Kush v. Rutledge*, 460 U.S. 719, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983), more recently appears to have arrived at what might be considered a middle ground, weighing the plaintiff's liberty interest against any competing state interest in order to determine whether a post-deprivation hearing can adequately compensate the plaintiff for his or her loss. *Haygood v. Younger*, 769 F.2d 1350, 1356–58 (9th Cir.1985).[3] In a series of pre-*Daniels* decisions, several courts concluded that *Parratt* applied in cases

---

**2.** In *Brewer*, the Fifth Circuit based its decision on both the intentional nature of the conduct challenged and the fact that the protected interest at stake was the plaintiffs' liberty. *Hudson v. Palmer*, of course, made clear that *Parratt* applies to intentional as well as negligent conduct. Following the decision in *Hudson*, the Fifth Circuit ruled in *Thibodeaux v. Bordelon*, 740 F.2d 329 (5th Cir.1984), that *Parratt* applies to negligent deprivations of liberty. The *Thibodeaux* Court referred to *Brewer* only in passing, and made no attempt to distinguish it. In view of the Supreme Court's rejection of any distinction between intentional and negligent conduct, and the Fifth Circuit's own application of *Parratt* to cases involving deprivations of liberty, the continued validity of *Brewer* may be open to question. Nevertheless, the Fifth Circuit adhered to it in *Shelton v. City of College Station*, 754 F.2d 1251, 1257 (5th Cir.1985), this time making no mention of its *Thibodeaux* decision.

**3.** The Ninth Circuit's position is still relatively unsettled. In both *Bretz v. Kelman*, and the initial panel decision in *Haygood v. Younger*, the Ninth Circuit ruled, as it had in *Rutledge v. Arizona Board of Regents*, that an intentional deprivation of liberty does not constitute a procedural due process violation where there are adequate post-deprivation state remedies. The *Bretz* and *Haygood* decisions were withdrawn, 729 F.2d 613, yet the en banc decision in *Hay-*

involving negligent deprivations of liberty, finding no basis for distinguishing between liberty and property interests. *Wilson v. Beebe,* 770 F.2d 578, 584 (6th Cir.1985) (en banc); *Thibodeaux v. Bordelon,* 740 F.2d 329 (5th Cir.1984); *Daniels v. Williams,* 720 F.2d 792 (4th Cir.1983); *Holmes v. Ward,* 566 F.Supp. 863 (E.D.N.Y.1983); *Juncker v. Tinney,* 549 F.Supp. 574 (D.Md. 1982); *Irshad v. Spann,* 543 F.Supp. 922, 927 n. 1 (E.D.Va.1982); *Eberle v. Baumfalk,* 524 F.Supp. 515, 517–18 (N.D.Ill. 1981); *Meshkov v. Abington Township,* 517 F.Supp. 1280, 1286 (E.D.Pa.1981).

All circuits that have addressed the question agree that *Parratt* is inapplicable where a plaintiff claims a deprivation of a substantive constitutional guarantee, such as those secured by the fourth or eighth amendment, or a deprivation of *substantive* due process rights, such as the right to be free from the use of excessive force by law enforcement officials. *Gilmere v. City of Atlanta,* 774 F.2d at 1499, 1502 (11th Cir.); *Wilson v. Beebe,* 770 F.2d at 585–86 (6th Cir.); *Guenther v. Holmgreen,* 738 F.2d at 882 (7th Cir.); *Thibodeaux v. Bordelon,* 740 F.2d at 333 (5th Cir.); *Daniels v. Williams,* 720 F.2d at 796 n. 3 (4th Cir.). In such cases, it is the governmental conduct itself, rather than the absence of procedural safeguards, that violates the Constitution. The violation is complete the moment the harm occurs, and no amount of pre- or post-deprivation process can remedy the wrong. This treatment of substantive due process violations is consistent with the Supreme Court's landmark decision in *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), where it held that a

violation of a substantive fourth amendment right may be challenged under section 1983 regardless of the availability of any state law tort remedies. However, where a plaintiff challenges random, unauthorized governmental conduct on the ground that it deprived him or her of liberty *without due process,* the consensus of the circuits is that such procedural due process cases are governed by *Parratt,* and that no cognizable constitutional claim can be stated where adequate post-deprivation state remedies are available. The due process clause of the fourteenth amendment does not categorically prohibit any and all takings of life, liberty or property; rather, it proscribes such takings accomplished without due process. *Baker v. McCollan,* 443 U.S. 137, 143, 99 S.Ct. 2689, 2694, 61 L.Ed.2d 433 (1979). The essence of a procedural, as opposed to a substantive, due process claim, therefore, is not that the deprivation itself violates the Constitution, but that the state's failure to provide adequate process in connection with the deprivation does. Thus, as the Supreme Court made clear in *Hudson v. Palmer,* a state's violation of the fourteenth amendment's procedural due process guarantees "is not complete until and unless it provides or refuses to provide a suitable post-deprivation remedy." 468 U.S. at 533, 104 S.Ct. at 3204.

Here plaintiff has alleged only that defendant deprived him of his due process rights. While he states in his complaint that the security guards who arrested him used excessive force, Complaint at ¶ 18, he chose not to name these individuals as defendants. Thus, even if this allegation

---

*good* did not repudiate the earlier panel decision or the *Bretz* and *Rutledge* holdings. Rather, the en banc court ruled that the deprivation at issue in *Haygood*—a failure to release a prisoner more than five years after he should have been released—resulted not from a random, unauthorized act, but instead from official practice or procedure. The case, therefore, was not controlled by *Parratt* but by *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982), where the Supreme Court held that deprivations accomplished through established state procedures are foreseeable and therefore cannot be rectified by post-deprivation remedies. Similarly, in its en banc reconsideration of *Bretz v. Kelman,* 773 F.2d 1026 (9th

Cir.1985), the Ninth Circuit did not state that *Parratt* was inapplicable to intentional deprivations of liberty, but instead held that plaintiff's claim of a conspiracy by the police and prosecutors to secure his conviction through abuse of state processes was governed by *Logan,* since conspiracy is not random activity and a state cannot provide adequate post-deprivation remedial process where that process itself has been corrupted. The court's efforts to re-characterize the claims in both *Haygood* and *Bretz,* rather than simply overrule its earlier decisions, suggests that intentional but random and unauthorized deprivations of liberty would in fact be governed by *Parratt.*

were sufficient to raise a substantive due process claim, the responsible parties are not before this Court.[4] The only allegations pertaining to defendant are that she acted under color of authority, but in excess of her actual authority, in ordering plaintiff's arrest, thereby depriving him of "rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, the laws of the United States, or the laws of the District of Columbia." *Id.* at ¶¶ 25–28. Plaintiff, who is represented by counsel in this action, has neither cited the fourth amendment as a source of his rights nor alleged that defendant's actions violated those rights. Instead, he rests his cause of action exclusively on a violation of his fifth and fourteenth amendment rights to due process. As he has neither alleged that the District of Columbia fails to provide adequate post-deprivation remedies,[5] nor in any way challenged defendant's assertion that such remedies are in fact available to him, plaintiff's procedural due process claim must be dismissed for failure to state a claim upon which relief can be granted. *Cf. Guenther v. Holmgreen,* 738 F.2d at 882–883 (where plaintiff claimed defendant's bad faith arrest violated *both* his fourteenth and fourth amendment rights, he stated a valid claim under section 1983). Accordingly, defendant's motion is granted and this case is dismissed in its entirety.[6]

IT IS SO ORDERED.

---

4. Nowhere in his complaint or in his opposition to defendant's motion does plaintiff allege that defendant ordered the security guards to use excessive force, nor does he in any other way suggest that she should be held responsible for their actions. Because *Daniels v. Williams* eliminated negligence as a basis of section 1983 liability, plaintiff would had to have alleged not merely that the use of such force was foreseeable but that defendant intended that such force be used. As the record is barren of any such allegations, the guards' conduct cannot provide a basis for imposing liability on defendant.

5. Under the *Hudson v. Palmer* formulation of a procedural due process claim, the burden is on

plaintiff to allege inadequate post-deprivation state remedies, for as noted earlier the Supreme Court has stated that no due process violation occurs until the state fails to provide such remedies. 104 S.Ct. at 3204.

6. In her motion, which requests that "this case" be dismissed, defendant makes no mention of her counterclaim against plaintiff. The Court assumes defendant does not wish to proceed on this claim in view of the disposition of plaintiff's claims and therefore will dismiss the counterclaim as well. This dismissal will be without prejudice for a period of 15 days in order to permit defendant an opportunity to reinstate it should the Court's assumption prove incorrect.