848 F.2d 185
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gerald Stephen MAGANO, Plaintiff-Appellant,
v.
Norman VASSAR, Chairman, Virginia Parole Board; Edward W.
Murray; R.M. Muncy; Dunkin Mills; Vence Newton;
Samuel T. Shaw, Jr.; Michael C.
Samberg; Mr. Saunders,
Defendants-Appellees.
 No. 88-7573.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 27, 1988.
Decided: May 25, 1988.
 
 Gerald Stephen Magano, appellant pro se.
 Alan Katz (Office of the Attorney General of Virginia), for appellees.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Virginia inmate Gerald Magano appeals the district court's denial of relief under 42 U.S.C. Sec. 1983. Magano's principal complaint below was that his counselors failed to prepare required documentation of his progress and eligibility for a custody upgrade, which failure prevented him from obtaining an upgrade and transfer and adversely affected his chances for parole. The district court granted defendants' motion for summary judgment, dismissing Magano's damage claims with prejudice because his allegations of negligence failed to state a constitutional violation and dismissing his request for parole release without prejudice for failure to exhaust state remedies. We affirm.
 
 
 2
 Although the district court failed to advise Magano, as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), of his right to file counter-affidavits in response to defendants' motion for summary judgment, we find that error harmless. Magano filed a lengthy opposition to defendants' motion and, taking the statements contained in the opposition as true, we still find that the defendants were entitled to judgment.
 
 
 3
 To the extent Magano seeks to recover for defendants' alleged negligence, he fails to state a claim under the due process clause. Daniels v. Williams, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986). To the extent Magano alleges something more than negligence, Virginia provides an adequate post-deprivation remedy, precluding any recovery under the due process clause. Phelps v. Anderson, 700 F.2d 147 (4th Cir.1983); see also Va.Code Sec. 8.01-195.3. Finally, we agree with the district court's dismissal of Magano's request for parole release for failure to exhaust state remedies. Preiser v. Rodriquez, 411 U.S. 475 (1973).
 
 
 4
 Accordingly, we affirm the judgment of the district court and deny Magano's request for injunctive relief. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 5
 AFFIRMED.