865 F.2d 1261
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael T. WARREN, Plaintiff-Appellant,
v.
J.A. SMITH; Ellis B. Wright, Jr.; Jim Crawford; Sgt.
Edmonds, Defendants-Appellees.
 No. 88-7172.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 14, 1988.
Decided: Nov. 17, 1988.
 
 Michael T. Warren, appellant pro se.
 Before K.K. HALL, ERVIN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Michael T. Warren, a Virginia inmate, filed suit under 42 U.S.C. Sec. 1983, alleging that the defendants unconstitutionally deprived him of his personal property. Warren contends that a fan he purchased for $19.84 while confined at the Brunswick Correctional Center was lost during his transfer to another institution. The district court dismissed the complaint as frivolous. We affirm.
 
 
 2
 The Due Process Clause is not implicated by a negligent act of a state official causing unintended loss of or injury to life, liberty, or property. Daniels v. Williams, 474 U.S. 327 (1986).[1] Moreover, an unauthorized intentional deprivation of property by a state employee does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. Hudson v. Palmer, 468 U.S. 517 (1984). Virginia has two adequate post-deprivation remedies. First, Virginia's inmate grievance procedure provides an adequate post-deprivation remedy. Phelps v. Anderson, 700 F.2d 147 (4th Cir.1983). Second, Virginia's Tort Claims Act, effective July 1, 1982, waives sovereign immunity for damages up to $25,000 per claimant (or up to the limits of any insurance policy, if greater) for causes of action accruing prior to July 1, 1988, due to negligent or wrongful acts of state employees acting within the scope of employment. Va.Code Ann. Sec. 8.01-195.3 (1950, as amended). See also Ausley v. Mitchell, 748 F.2d 224 (4th Cir.1984) (en banc ), cert. denied, 474 U.S. 1100 (1986). Accordingly, we hold that the claim is without merit whether the alleged harm resulted from a negligent or an intentional act.
 
 
 3
 The district court is authorized to dismiss a case filed in forma pauperis if the action is frivolous. 28 U.S.C. Sec. 1915(d). We affirm the district court's finding that Warren is not entitled to relief under any arguable construction of law or fact. See Boyce v. Alizaduh, 595 F.2d 948 (4th Cir.1979). We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 The district court relied on Parratt v. Taylor, 451 U.S. 527 (1981) for the proposition that negligent deprivations of property do not constitute a due process violation where there is an adequate post-deprivation remedy. However, Daniels, supra, specifically overruled Parratt to the extent that it states that mere lack of due care by a state official may deprive an individual of life, liberty or property under the Fourteenth Amendment