**Walter RAMOS, Jr., Plaintiff,**

v.

**Robert GALLO, Defendant.**

**Civ. A. No. 81–281–K.**

United States District Court,
D. Massachusetts.

Oct. 24, 1984.

Anthony Cardinale, Belmonte, Cardinale, Cotter & Merrill, Boston, Mass., for plaintiff.

Suzanne Sheats, Claire S. Berman, Issac Braddock, Asst. Corp. Counsel, City of Boston Law Dept., Boston, Mass., for defendant.

## Opinion and Order

KEETON, District Judge.

This action arises out of the shooting of the plaintiff, Walter Ramos, Jr., by defendant Boston Police Officer Robert Gallo. Ramos brings claims under 42 U.S.C. §§ 1981, 1983, 1985, and 1986, and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, together with pendent state law claims. Ramos claims that Gallo used excessive force. He also claims that Gallo acted negligently, wantonly, willfully, maliciously, and with such reckless disregard of the consequences as to reveal a conscious indifference to the clear risk of death or bodily injury. Defendant has now moved for summary judgment on the grounds that there is no genuine issue as to any material fact and he is entitled to judgment as a matter of law.

### I. *Factual Background*

The relevant facts in the case are as follows: At or about midnight on February 11, 1978, defendant and his partner, Boston Police Officer Joseph Mugnano, came upon the plaintiff at the intersection of Chelsea and Gove Streets in East Boston, Massachusetts. Plaintiff at the time was accompanied by several of his friends. The officers, who were in a police wagon driving up Gove Street, stopped their vehicle and got out. They attempted to arrest Ramos for alleged possession of marijuana and place him in the back of the wagon, but Ramos ran away. Gallo immediately began to chase after Ramos, withdrew his service revolver, and shot one time into the air. Plaintiff thereupon stopped. Gallo continued to run toward Ramos with his weapon drawn. The weapon went into plaintiff's stomach and then discharged.

On June 29, 1978, Ramos was convicted in East Boston District Court of possession of marijuana with intent to distribute. Officer Mugnano testified at that hearing. Ramos appealed, was retried before a jury in Suffolk Superior Court, and was found not guilty on March 1, 1979.

Ramos sought a complaint against Gallo in East Boston District Court for assault and battery by means of a dangerous weapon. Following a hearing on March 1, 1978, no complaint was issued.

### II. *Standard for Summary Judgment*

■ In deciding a motion for summary judgment, the court must look at the record in the light most favorable to the party opposing the motion. *Poller v. Columbia Broadcasting System*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962). It must also draw all inferences in favor of the non-movant. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). The movant has the burden of showing the absence of a disputed issue of material fact. *Mack v. Cape Elizabeth School Board*, 553 F.2d 720, 722 (1st Cir.1977). The court cannot weigh the evidence to dispose of the motion. *O'Neill v. Dell Publishing Co.*, 630 F.2d 685, 687 (1st Cir.1980). The court rules only on questions of law and fact-based questions as to which the evidence would not support a finding against the movant.

### III. *Section 1983 Claims*

I turn first to plaintiff's claim for relief under the due process clause of the Fourteenth Amendment and 42 U.S.C. § 1983, which states in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at

law, suit in equity, or other proper proceeding for redress.

It is undisputed that Gallo was acting under color of state law during the incident in which Ramos was shot. Viewed in the light most favorable to the plaintiff, the complaint alleges a deprivation of Ramos's liberty without due process of law, in violation of the due process clause of the Fourteenth Amendment. Defendant argues, however, that no violation of rights of due process exists with respect to the shooting of Ramos because Ramos has state remedies that will afford him full redress for deprivation of liberty, if any occurred. Defendant's argument is based on the Supreme Court's holdings in *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), and *Hudson v. Palmer,* —— U.S. ——, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).

In *Parratt,* a prison inmate sued for damages under § 1983, alleging that he was deprived of property without due process of law when prison officials negligently lost a hobby kit the inmate had ordered through the mail. The Court agreed that the plaintiff had been deprived of property within the meaning of the Fourteenth Amendment. 451 U.S. at 536–37, 101 S.Ct. at 1913–14. The Court went on to hold that, because a pre-deprivation hearing was not feasible under the circumstances, the availability of a post-deprivation damages remedy under state law negated plaintiff's contention that the deprivation of property was without due process of law. *Id.* at 540–44, 101 S.Ct. at 1915–17.

In *Hudson v. Palmer,* the Supreme Court extended the rationale of *Parratt* to intentional deprivations of property, holding that such deprivations do not violate the procedural requirements of the due process clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available under state law. —— U.S. at ——, 104 S.Ct. at 3204.

The present case presents a question not yet decided by the Supreme Court: Is the principle of *Parratt* and *Hudson* applicable to intentional or negligent deprivations of liberty? Federal district and circuit courts have varied in their responses to this question. Some courts, noting that Justices Blackmun and White joined the *Parratt* opinion only on the understanding that the decision did not apply to deprivations of life or liberty, 451 U.S. at 545, 101 S.Ct. at 1918 (Blackmun, J., concurring), have limited the reach of *Parratt* to deprivations of property. *See, e.g., Brewer v. Blackwell,* 692 F.2d 387, 394–95 (5th Cir.1982) (*Parratt* inapplicable to intentional deprivations of liberty); *Wakinekona v. Olim,* 664 F.2d 708, 715 (9th Cir.1981) (same), *rev'd on other grounds,* 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Wilson v. Beebe,* 743 F.2d 342, 350 (6th Cir.1984) (*Parratt* is inapplicable to intentional or negligent deprivations of life or liberty). Other courts, finding no principled reason to distinguish between deprivations of property and of liberty, have applied *Parratt* to negligent deprivations of liberty interests, *see, e.g., Thibodeaux v. Bordelon,* 740 F.2d 329, 334–38 (5th Cir.1984); *Haygood v. Younger,* 718 F.2d 1472, 1478–81 (9th Cir.1983), *reh'g en banc granted,* 729 F.2d 613 (9th Cir.1984); *Daniels v. Williams,* 720 F.2d 792, 796 (4th Cir.1983) and to intentional deprivations of liberty. *See, e.g., Ellis v. Hamilton,* 669 F.2d 510, 515 (7th Cir.), *cert. denied,* 459 U.S. 1069, 103 S.Ct. 488, 74 L.Ed.2d 631 (1982); *Rutledge v. Arizona Bd. of Regents,* 660 F.2d 1345, 1352 (9th Cir.1981), *aff'd on other grounds sub nom. Kush v. Rutledge,* 460 U.S. 719, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983); *Gilmere v. City of Atlanta, Ga.,* 737 F.2d 894, 905–10 (11th Cir.1984).

Were this case merely one involving the applicability of principles of procedural due process, illustrated in *Parratt,* to deprivations of liberty interests, summary judgment for defendant might be appropriate. I need not rule on this question at this point in the proceedings, however, for defendant's argument urging the application of *Parratt* to the present case fails to take account of the distinction between substantive and procedural due process.

■ A Fourteenth Amendment due process claim, such as the one asserted by Ramos, may be analyzed as a claim of denial of either procedural or substantive due process, or both. A procedural due process claim alleges that the state has unlawfully interfered with a protected liberty or property interest by failing to provide adequate procedural safeguards. The claim focuses on the procedures used by the state in effecting the deprivation of liberty or property, which the claimant argues were inadequate in light of the significance of the interests involved. *Schiller v. Strangis*, 540 F.Supp. 605, 613 (D.Mass. 1982). *Parratt* and other cases discussed above invoke this analysis.

■ A substantive due process claim, on the other hand, alleges not that the state's procedures are somehow deficient, but that the state's conduct is inherently impermissible, regardless of any protective or remedial procedures it provides. *Schiller*, 540 F.Supp. at 614. It is based on "the right to be free of state intrusions into realms of personal privacy and bodily security through means so brutal, demeaning, and harmful as literally to shock the conscience of a court." *Hall v. Tawney*, 621 F.2d 607, 613 (4th Cir.1980).

The theory of substantive due process derives from the case of *Rochin v. California*, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952). In *Rochin*, the Court held that police action in obtaining evidence by subjecting a suspect against his will to a stomach pump so "shocks the conscience" as to violate due process. Justice Frankfurter wrote, "Due process of law is a summarized constitutional guarantee of respect for those personal immunities which ... are 'so rooted in the traditions and conscience of our people as to be ranked as fundamental,' or are 'implicit in the concept of ordered liberty.'" (citations omitted) *Id.* at 169, 72 S.Ct. at 208.

Defendant, in arguing that *Parratt* applies to this case, implicitly characterizes plaintiff's claim as one involving procedural due process. However, plaintiff may also claim violation of substantive due process.

The line dividing procedural due process from substantive due process is not always bright. Indeed, areas of potential overlap may exist. Thus, it may be difficult in a particular case to determine the proper characterization of the claim or claims.

If plaintiff's complaint is treated as alleging a substantive due process claim, or as alleging both procedural and substantive due process claims, defendant's motion for summary judgment must be denied. Plaintiff has alleged that defendant shot him willfully and maliciously and that the shooting amounted to the use of excessive force. Although defendant disputes this, stating that he collided with plaintiff, thereby causing the revolver to go into plaintiff's stomach and discharge, the court must look at the record in the light most favorable to plaintiff, the non-movant. *Poller v. Columbia Broadcasting System*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962).

■ It is well settled that "in appropriate circumstances, the use of excessive force or violence by law enforcement personnel violates the victim's constitutional rights." *Landrigan v. City of Warwick*, 628 F.2d 736, 741–42 (1st Cir.1980). Such use of excessive force by a police officer may rise to the level of a violation of substantive due process. *Black v. Stephens*, 662 F.2d 181, 188 (3d Cir.1981), *cert. denied*, 455 U.S. 1008, 102 S.Ct. 1646, 71 L.Ed.2d 876 (1982); *Shillingford v. Holmes*, 634 F.2d 263, 265 (5th Cir.1981); *Roberts v. Marino*, 656 F.2d 1112, 1114 (5th Cir.1981). Indeed, I cannot determine at this time that Ramos will be unable to offer proof, within the scope of his complaint, showing a use of force so excessive that it "shocks the conscience," as that phrase has been used in precedents bearing upon substantive due process claims. *See Shillingford v. Holmes*, 634 F.2d at 265; *Hall v. Tawney*, 621 F.2d at 613; *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.), *cert. denied sub nom. John v. Johnson*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973).

■ Such a substantive due process claim is unaffected by the Supreme Court's holding in *Parratt*. *Parratt*'s concern with the adequacy of post-deprivation state remedies simply has no place in the context of an alleged substantive due process violation. The constitutional violation exists independently of the adequacy or inadequacy of procedures that are available for redressing the deprivation. Courts have therefore uniformly held that *Parratt* does not bar substantive constitutional claims, including those of substantive due process. *See, e.g., Augustine v. Doe,* 740 F.2d 322, 326–27 (5th Cir.1984); *Daniels v. Williams,* 720 F.2d 792, 796 n. 3 (4th Cir.1983); *Barnier v. Szentmiklosi,* 565 F.Supp. 869, 880 (E.D.Mich.1983) (listing cases); *Begg v. Moffitt,* 555 F.Supp. 1344, 1362 n. 58 (N.D. Ill.1983) (listing cases).

The view that *Parratt* does not bar substantive due process claims has some support from the Supreme Court as well. In *Hudson v. Palmer,* when the Supreme Court extended *Parratt* to intentional deprivations of property, it was careful to limit its discussion and holding to alleged violations of procedural due process. Concurring in this part of the Court's opinion, Justice Stevens, joined by three other justices, stated:

> I do not understand the Court's holding to apply to conduct that violates a substantive constitutional right—actions governmental officials may not take no matter what procedural protections accompany them.

104 S.Ct. at 3208 n. 4. Nothing in the majority opinion indicates otherwise. *Augustine v. Doe,* 740 F.2d at 326. *See also Parratt,* 451 U.S. at 545, 101 S.Ct. at 1918 (Blackmun, J., concurring); *id.* at 552–53, 101 S.Ct. at 1921–22 (Powell, J., concurring in result).

A case similar to this one is *Garcia v. County of Los Angeles,* 588 F.Supp. 700 (C.D.Cal.1984). In *Garcia,* plaintiffs alleged that after arresting two non-plaintiff members of their family, defendant deputy sheriffs followed plaintiffs into the Garcia residence and "wantonly, willfully, inten-tionally, maliciously, and in bad faith, did severely beat plaintiffs." *Id.* at 701. Defendants moved to dismiss the complaint, arguing that it failed to state a § 1983 claim because, under *Parratt,* the availability of state tort remedies invalidated plaintiffs' underlying constitutional claims. The court held that plaintiffs' complaint, which simply alleged a due process violation, could state a substantive due process claim distinct from a claim for procedural due process. It declined to dismiss the substantive claim, holding that *Parratt* was inapplicable. Rather, the court stated defendants' conduct would constitute a violation of substantive due process if plaintiffs proved outrageous conduct. *Id.* at 707.

Ramos should also be given the opportunity to prove that Gallo's conduct was outrageous and "shocks the conscience."

For these reasons, defendant's motion for summary judgment on the § 1983 claim must be denied.

I need not and do not at this time address the troubling question as to the legally correct description of the standard of severity of an intrusion required to establish a violation of rights protected under the rubric of substantive due process. *See, e.g., Landrigan v. City of Warwick,* 628 F.2d at 741–42 (physical attack at time of arrest); *Furtado v. Bishop,* 604 F.2d 80, 95–96 (1st Cir.1979), *cert. denied,* 444 U.S. 1035, 100 S.Ct. 710, 62 L.Ed.2d 672 (1980); *Johnson v. Glick,* 481 F.2d at 1033; *Jenkins v. Averett,* 424 F.2d 1228, 1231–32 (4th Cir.1970); *Schiller v. Strangis,* 540 F.Supp. at 612–18 (concluding, in nonjury trial, as alternative basis of decision, that the plaintiff proved enough more than merely excessive force to show that "the constitutional line has been crossed," even though force used by police officers may have been insufficient to meet the more demanding standard that it "shock the conscience of the court"). At or before trial, counsel for both parties will be invited to submit requested instructions, and perhaps special interrogatories to the jury, relevant to this issue.

An additional reason for denying summary judgment here is that plaintiff alleges that defendant's actions violated his Fourth Amendment rights. One may argue that the use of excessive force is itself a Fourth and Fourteenth Amendment violation, thereby establishing a cause of action remediable under § 1983. *See, e.g., Jenkins v. Averett,* 424 F.2d at 1231–32 (Fourth Amendment right of people to be secure in their "persons" is a shield covering the individual's physical integrity and supports an action for use of excessive force by police). It is not clear whether *Jenkins* is an instance of "procedural due process" analysis, an instance of "substantive due process analysis," or is a third form of analysis fitting neither framework. *See Schiller v. Strangis,* 540 F.Supp. at 615.

### IV. *Other Federal Statutory Claims*

 Section 1981 of 42 U.S.C. guarantees that no person shall be denied equal rights under the law on account of race. A racially discriminatory motive is a necessary element of a § 1981 claim. *General Building Contractors Association, Inc. v. Pennsylvania,* 458 U.S. 375, 391, 102 S.Ct. 3141, 3150, 73 L.Ed.2d 835 (1982). The failure to allege a racially discriminatory motive is fatal to plaintiff's § 1981 claim. *Cf. Runyon v. McCrary,* 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976).

 Defendant's motion for summary judgment on plaintiff's claims under § 1985 and § 1986 must also be granted. Plaintiff's complaint does not raise any claim of force, intimidation, or threat against persons holding public office, witnesses, or jurors. 42 U.S.C. § 1985(1) and (2). Plaintiff's claim must fail under § 1985(3) as well, since he has not alleged any racial or other "class-based, invidiously discriminatory animus." *United Brotherhood of Carpenters v. Scott,* 463 U.S. 825, 103 S.Ct. 3352, 3358, 77 L.Ed.2d 1049 (1983); *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). Furthermore, Ramos has not alleged any overt acts by Gallo which were reasonably related to the promotion of a conspiracy. *See Kadar Corp. v. Milbury,*

549 F.2d 230, 233 (1st Cir.1977). Since § 1985 does not apply, plaintiff's § 1986 claim must also fail. *Landrigan v. City of Warwick,* 628 F.2d at 739 n. 1; *Kermit Construction Corp. v. Banco Credito y Ahorro Ponceno,* 547 F.2d 1, 3 (1st Cir. 1976).

### V. *Other Federal Constitutional Claims*

Plaintiff claims violations of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

Based on the present pleadings, it does not appear that plaintiff alleges any factual basis for claims under the Fifth, Sixth, or Eighth Amendments. For this reason, claims other than those alleging violations of procedural or substantive due process will be dismissed at this time, with leave for plaintiff by amendment to call the court's attention to any other theory of relief for which he can in good faith allege a factual basis.

As to plaintiff's Fourth and Fourteenth Amendment claims, they have been treated in Part III above, in relation to claims under 42 U.S.C. § 1983. Precedents do not support recognizing a remedy directly under the amendments to the United States Constitution, *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), when relief is available under § 1983. *See Kostka v. Hogg,* 560 F.2d 37, 44–45 (1st Cir. 1977); *DeVasto v. Flaherty,* 479 F.Supp. 1069, 1071–72 (D.Mass.1979), *rev'd on other grounds,* 658 F.2d 859 (1st Cir.1981); *Leite v. City of Providence,* 463 F.Supp. 585, 587 (D.R.I.1978).

### VI. *State Law Claims*

 Since Ramos has stated a viable federal claim against Gallo under § 1983, the court may exercise its pendent jurisdiction and hear any of plaintiff's state law claims. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

■ The facts alleged in plaintiff's complaint are sufficient to satisfy the elements of a prima facie case under state tort law, since plaintiff alleges that defendant used excessive force in apprehending him. I need not determine at this point whether such a claim is more properly treated as a claim of assault and battery or of false arrest, nor need I determine what privileges, if any, are available to the defendant. In any event, it does not now appear that there is no material dispute of facts as to a state law claim or claims based on the allegation of use of excessive force. Defendant's motion for summary judgment as to such claim or claims is therefore denied.

■ Defendant correctly argues that he is entitled to judgment as a matter of law on any state claim of malicious prosecution, because lack of probable cause is essential to such a claim under Massachusetts law. *Lincoln v. Shea*, 361 Mass. 1, 4, 277 N.E.2d 699, 702 (1972). Under Massachusetts law, a conviction by a tribunal to which a complaint is made, though reversed on appeal, as here, conclusively establishes the existence of probable cause, unless the conviction was obtained solely by false testimony or is "impeached on the ground of fraud, conspiracy or subornation in its procurement." *Broussard v. Great Atlantic & Pacific Tea Co.*, 324 Mass. 323, 326, 86 N.E.2d 439, 440 (1949), *citing Dunn v. E.E. Gray Co.*, 254 Mass. 202, 203–04, 150 N.E. 166 (1926). It is undisputed that Ramos was convicted in East Boston District Court and that Officer Mugnano testified at the hearing. Ramos has not, and it appears could not, plead facts to show that his conviction was obtained sole-

ly by the wrongful conduct of Gallo. *See Della Jacova v. Widett*, 355 Mass. 266, 269, 244 N.E.2d 580, 582–83 (1969) (where plaintiff's conviction was based not merely on the testimony of defendant, probable cause would flow from plaintiff's conviction in municipal court). Gallo therefore had probable cause to institute charges against Ramos and no claim for malicious prosecution arises.

Plaintiff may or may not be able to state a claim for damages under the Massachusetts Civil Rights Act, Mass.Gen.Laws ch. 12, §§ 11H and I.[1] Plaintiff discusses such a claim in his memorandum in opposition to defendant's motion for summary judgment, but plaintiff's complaint nowhere mentions such a claim. Plaintiff must therefore amend his complaint and plead those facts necessary to set forth a claim under the Massachusetts Civil Rights Act in order for such a claim to be before me.

## ORDER

For the foregoing reasons, it is ORDERED:

Defendant's motion for summary judgment on plaintiff's claim under 42 U.S.C. § 1983 is denied.

Defendant's motion for summary judgment on plaintiff's state tort law claim or claims in the nature of assault, battery, or false arrest is denied.

Defendant's motion for summary judgment on plaintiff's claims under the Fifth, Sixth and Eighth Amendments is hereby granted, with leave for plaintiff to file an amendment alleging a factual basis for any

1. Mass.Gen.Laws ch. 12, § 11H states in relevant part:

Whenever any person or persons, whether or not acting under color of law, interfere by threats, intimidation or coercion, with the exercise or enjoyment by any other person or persons of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, the attorney general may bring a civil action for injunctive or other appropriate equitable relief in order to protect the peaceable exercise or enjoyment of the right or rights secured.

Section 11I, which provides a private right of action, states in relevant part:

Any person whose exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, has been interfered with, or attempted to be interfered with, as described in section 11H, may institute and prosecute in his own name and on his own behalf a civil action for injunctive and other appropriate equitable relief as provided for in said section, including the award of compensatory money damages.

theory of relief he wishes to assert under these amendments.

Defendant's motion for summary judgment on plaintiff's claims directly under the Fourth and Fourteenth Amendments, under 42 U.S.C. §§ 1981, 1985 and 1986, and under the state law of malicious prosecution is granted.

Leave is granted for plaintiff to file an amended complaint alleging a factual basis for a claim under the Massachusetts Civil Rights Act if he wishes to assert such a claim.