**Mary Lou HOLLAND, Plaintiff,**

v.

**Henry BREEN, et al., Defendants.**

**Civ. A. No. 85–1050–Y.**

United States District Court,
D. Massachusetts.

Oct. 30, 1985.

John M. Connolly, Falmouth, Mass., for plaintiff.

Richard T. Corbett, Law Office of Philip J. McCarthy, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

This action arises from an August 13, 1983 incident in which Daniel F. Carbone committed suicide by hanging himself in a cell at the Falmouth, Massachusetts police station. The plaintiff, Mary Lou Holland, is Carbone's mother and the Administratrix of the decedent's estate. Holland alleges that the defendants acted negligently, willfully, maliciously, and with reckless indifference and disregard of Carbone's life and safety, and thereby caused Carbone's death. Holland brings a claim under 42 U.S.C. § 1983, together with pendent state claims. The defendants have now moved to dismiss the action for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

### I. *Factual Background*

Holland alleges the following facts, which the court must take as true for purposes of this motion to dismiss:[1] On August 13, 1983,[2] Carbone was taken into custody by defendant Kris Bohnenberger, a Falmouth police officer, because Carbone was "not capable of caring for himself and was in such an intoxicated state so as to be dangerous to his own well being." While in custody, Carbone was beaten about the face, head, and shoulders by officers of the Falmouth Police Department, as a result of which Carbone suffered physical and mental pain, humiliation, and depression. Despite a clear and obvious need for medical attention, Carbone was not taken to a hospital or medical center for treatment. Instead, he was placed in an unsupervised cell at the Falmouth Police Department, a cell which had no monitoring device and was not visible to the jailkeeper. At some point during his incarceration in that unsu-

---

1. Naturally, this Court expresses no opinion concerning the actual veracity of any of the alleged facts.

2. The defendants assert that the incident occurred on August 14, 1983.

pervised cell, Carbone committed suicide by hanging himself.

On March 14, 1985, Holland brought this action against Officer Bohnenberger; the Falmouth Chief of Police Henry Breen; the Town of Falmouth Selectmen Leonard Costa, William Jones, and Heather McMurtrie; and the Town of Falmouth itself. The motion to dismiss is filed on behalf of all defendants.

## II. *Section 1983 Claim Generally*

In analyzing the plaintiff's § 1983 claim, we must first look to *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), in which the Supreme Court stated:

> [I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Id.* at 535, 101 S.Ct. at 1913. It is not contested that the defendants were acting under color of state law. With respect to the second prong of *Parratt*, Holland alleges that the defendants deprived Carbone of his life in violation of the Fourteenth Amendment to the Constitution of the United States.

The Fourteenth Amendment does not protect against all deprivations of life, liberty, or property by the State—it "protects only against deprivations 'without due process of law.'" *Id.* at 537, 101 S.Ct. at 1914. In *Parratt*, a prison inmate sued for damages under § 1983, alleging that he was deprived of property without due process of law when prison officials negligently lost his hobby kit. The Court held that the deprivation did not violate due process because of the availability of a post-deprivation damages remedy under state law. A state tort remedy may provide sufficient "due process" where a deprivation does not

result from some established state procedure and the State cannot provide a meaningful hearing before the deprivation takes place. The Court emphasized, however, that in order to satisfy due process requirements, the state remedy must provide "some meaningful opportunity subsequent to the initial taking for a determination of rights and liabilities." *Id.* at 541, 101 S.Ct. at 1916.

On its facts, *Parratt* was limited to negligent deprivations of property. In *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), the Supreme Court extended the rationale of *Parratt* to intentional deprivations of property, holding that such deprivations do not violate the due process requirements of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available under state law. *Id.* at 3204.

The Supreme Court has not yet decided whether the *Parratt* and *Hudson* principles apply to negligent or intentional deprivations of life or liberty. In *Parratt*, Justices Blackmun and White joined the majority opinion only on the understanding that the decision did not apply to deprivations of life or liberty. 451 U.S. at 545, 101 S.Ct. at 1917 (Blackmun, J., concurring). On the other hand, the majority opinion was joined by five members of the Court in addition to Justices Blackmun and White, and it did not limit the decision's reach solely to property deprivations.

The lower federal courts are divided on this issue. Several courts, relying heavily on Justice Blackmun's concurring opinion, have held that *Parratt* applies only to deprivations of property. *See, e.g., Wilson v. Beebe*, 743 F.2d 342, 350 (6th Cir.1984); *Brewer v. Blackwell*, 692 F.2d 387, 394–95 (5th Cir.1982); *Wakinekona v. Olim*, 664 F.2d 708, 715 (9th Cir.1981), *rev'd on other grounds*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). Other courts have applied *Parratt* to deprivations of liberty interests.[3] *See, e.g., Thibodeaux v. Borde-*

---

**3.** Several courts have relied on *Ingraham v. Wright*, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977) for the proposition that *Parratt* ex-

tends to liberty interests. *See, e.g., Juncker v. Tinney*, 549 F.Supp. 574, 576–77 (D.Md.1982); *Temple v. Marlborough District Court*, 395 Mass.

*lon,* 740 F.2d 329, 334–38 (5th Cir.1984); *Gilmere v. City of Atlanta,* 737 F.2d 894, 905–10 (11th Cir.1984); *Daniels v. Williams,* 720 F.2d 792, 796 (4th Cir.1983), *cert. granted,* —— U.S. ——, 105 S.Ct. 1168, 84 L.Ed.2d 320 (1985); *Haygood v. Younger,* 718 F.2d 1472, 1478–81 (9th Cir.1983); *see also King v. Pace,* 575 F.Supp. 1385, 1388 n. 1 (D.Mass.1983). In addition, at least two courts have held that *Parratt* applies to deprivations of life. *See State Bank of St. Charles v. Camic,* 712 F.2d 1140, 1147 (7th Cir.) (jail suicide), *cert. denied,* 464 U.S. 993, 104 S.Ct. 491, 78 L.Ed.2d 686 (1983); *Meshkov v. Abington Township,* 517 F.Supp. 1280, 1286 (E.D.Pa. 1981) (jail suicide).

 Because the Court rules that Holland's complaint may encompass a *substantive* due process claim, it is unnecessary to decide whether *Parratt* applies to a deprivation of life. A Fourteenth Amendment due process claim may allege a denial of either procedural or substantive due process, or both. *Ramos v. Gallo,* 596 F.Supp. 833, 837 (D.Mass.1984). A procedural due process claim focuses on the procedures used by the state in effecting the alleged deprivation. On the other hand, a substantive due process claim "alleges not that the state's procedures are somehow deficient, but that the state's conduct is inherently impermissible, regardless of any protective or remedial procedures it provides." *Id.; see Schiller v. Strangis,* 540 F.Supp. 605, 614 (D.Mass.1982). When a state actor violates substantive rights, the constitutional violation is complete at the time of the deprivation, irrespective of the post-deprivation procedures that might be available for redressing the wrong. For this reason, courts have uniformly held that *Parratt* does not bar substantive § 1983 claims. *See Ramos v. Gallo,* 596 F.Supp. at 838; *Begg v. Moffitt,* 555 F.Supp. 1344, 1362 & n. 58 (N.D.Ill.1983) (collecting cases); *see*

*also Hudson v. Palmer,* 104 S.Ct. at 3208 n. 4 (1984) (Stevens, J., concurring).

 Substantive due process is based on "the right to be free of state intrusions into realms of personal privacy and bodily security through means so brutal, demeaning, and harmful as literally to shock the conscience of a court." *Ramos v. Gallo,* 596 F.Supp. at 837 (quoting *Hall v. Tawney,* 621 F.2d 607, 613 (4th Cir.1980)); *see Rochin v. California,* 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952). In most cases involving substantive due process claims against law enforcement officials, the offending conduct was intentional. A typical example is the use of excessive force or brutality during an arrest or incarceration. *See, e.g., Freeman v. Franzen,* 695 F.2d 485 (7th Cir.1982), *cert. denied,* 463 U.S. 1214, 103 S.Ct. 3553, 77 L.Ed.2d 1400 (1983). However, this does not foreclose the possibility that a negligent act may also provide the basis for § 1983 liability under a substantive due process theory. *See Wilson v. Beebe,* 743 F.2d 342, 349–50 (6th Cir.1984) (holding a cocked pistol on a suspect evinces reckless disregard for the rights of the suspect, which would allow a jury to find a constitutional violation and § 1983 liability). In appropriate circumstances, negligent conduct by law enforcement officials which causes or contributes to the death or bodily injury of a person in custody may violate the victim's substantive due process rights. "The existence of this right to ultimate bodily security—the most fundamental aspect of personal privacy—is unmistakably established in our constitutional decisions as an attribute of the ordered liberty that is the concern of substantive due process." *Hall v. Tawney,* 621 F.2d at 613.

 In this case, Holland has alleged that Falmouth police officers beat Carbone and that all defendants acted willfully, ma-

117, 124, 479 N.E.2d 137 (1985). In *Ingraham,* two junior high school students claimed that corporal punishment in public school violated their constitutional rights. The Court held that the students' Fourteenth Amendment rights were implicated because there was a liberty

interest at stake, but nevertheless concluded that the students failed to state a claim under § 1983 because "the traditional common-law remedies are fully adequate to afford due process." 430 U.S. at 672, 97 S.Ct. at 1413.

liciously, and with reckless indifference and disregard of Carbone's life and safety, thereby causing his death. Holland has also alleged that there have been "prior incidents within the Department" which should have given notice to the defendants of the need to supervise Carbone more closely. Although the defendants dispute these allegations, the Court must accept the allegations as true for purposes of this motion.

At this stage of the case, the Court cannot conclude that Holland will fall short of offering proof sufficient to show that the defendants' conduct was so egregious that it "shocks the conscience" for purposes of asserting a substantive due process claim. There has been no discovery in the case and a number of material facts are unknown, such as the precise nature of Carbone's behavior at the time he was taken into custody, the actions of the Falmouth police officers in confining Carbone, the jailing and watch procedures of the Falmouth Police Department, the policies relating to training and supervision of police department staff, and the history of prior incidents at the jail. Although the Court expresses no opinion on these issues or their relative weight, they are important in assessing the defendants' conduct. For these reasons, the defendants' motion to dismiss must be denied.

### III. *Claims Against Specific Defendants*

The defendants argue that even if *Parratt* does not dispose of the plaintiff's § 1983 claims in their entirety, the individual § 1983 claims against each of the defendants should be dismissed on separate grounds.

#### A. *Officer Bohnenberger.*

 The defendants argue that Officer Bohnenberger is immune from liability under § 1983 in the absence of allegations that he did not act in good faith. The defendants' reliance on *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967) is misplaced. Although the Supreme Court in *Pierson* held that a good faith

defense may be raised by a police officer in a § 1983 action, the Court emphasized that a defendant cannot obtain dismissal of an action simply by raising that defense. *Id.* at 557, 87 S.Ct. at 1219. The burden of pleading a qualified immunity defense rests with the defendant, and the plaintiff is under no obligation to allege in his complaint that the defendant acted in bad faith. *Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). Of course, even if there was such an obligation, Holland has included in her complaint allegations that Officer Bohnenberger acted willfully, maliciously, and with reckless indifference and disregard to the life of Carbone. The Court rules that Holland has stated a cognizable § 1983 claim against defendant Bohnenberger.

#### B. *Breen, Costa, Jones, and McMurtrie.*

 The complaint alleges that defendant Breen was acting Chief of Police in charge of the Falmouth Police Department when Carbone was taken into custody, and that defendants Costa, Jones, and McMurtrie were duly elected Selectmen for the Town of Falmouth with direct responsibility for establishing and enforcing policies, practices, rules, and regulations of the Falmouth Police Department. The complaint further alleges that the defendants failed to make available adequate, monitored facilities for incarcerated inmates. Although Holland has made little attempt to spell out the precise actions or omissions of these four defendants as they relate to Carbone's death, the Court rules that the complaint is adequate to withstand a motion to dismiss. *See Limerick v. Greenwald*, 666 F.2d 733, 735 (1st Cir.1981). A fair reading of the complaint indicates that Holland is alleging a failure by these four defendants to promulgate or enforce policies which would have adequately protected Carbone, and perhaps a failure to supervise those persons who actually incarcerated Carbone.

 The defendants argue that Breen, Costa, Jones, and McMurtrie acted solely in a supervisory capacity and that "official inaction" is insufficient to impose liability

under § 1983. Although "mere failure to supervise is not a basis for liability under § 1983," liability will result "if delinquent supervision is so severe as to amount to gross negligence or deliberate indifference to constitutional violations." *Fernandez v. Chardon,* 681 F.2d 42, 56 (1st Cir.1982), *aff'd,* 462 U.S. 650, 103 S.Ct. 2611, 77 L.Ed.2d 74 (1983); *see Estate of Gilmore v. Buckley,* 608 F.Supp. 554, 558 (D.Mass. 1985) (supervisory officials may be held responsible for constitutional deprivations by subordinates to which they are "deliberately indifferent"). On the basis of the allegations in the complaint, the Court cannot conclude that "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Limerick v. Greenwald,* 666 F.2d at 735 (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

C. *The Town of Falmouth*

 In *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held that municipalities may be sued directly under § 1983 for constitutional deprivations inflicted pursuant to a governmental custom, policy, ordinance, regulation, or decision. *Id.* at 690–91, 98 S.Ct. at 2035–36. A city may not be held liable for the actions of its employees or agents under a theory of *respondeat superior,* but instead is liable only where there is a causal link between an official policy or custom and the plaintiff's injury. *Id.* at 694, 98 S.Ct. at 2037. Thus, to hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right. *Batista v. Rodriguez,* 702 F.2d 393, 397 (2nd Cir. 1983).

 The complaint alleges that certain defendants were responsible for establishing and enforcing policies of the Falmouth Police Department, that the defend-

ants failed to provide adequate, monitored facilities to protect inmates, and that the defendants' acts and omissions caused Carbone's death. Holland incorporates other factual allegations in her brief, but those allegations are not considered since the Court's focus is limited to the allegations contained in the complaint itself. *Glaros v. Perse,* 628 F.2d 679, 681 (1st Cir.1980). Although the complaint would be stronger if Holland had made more specific allegations regarding municipal policies and the individual defendants' roles in carrying out those policies, the Court rules that Holland has satisfied her minimal pleading requirements and has stated a cognizable claim against the Town of Falmouth.

For the reasons set forth above, the defendants' motion to dismiss is DENIED.

SO ORDERED.